Opinion issued November 30, 2006













In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00183-CV




BILL HEARD CHEVEROLET, LTD., Appellant

V.

JOHN TODD and SUZANNE TODD, Appellees




On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court No. 05-CV-144176



MEMORANDUM OPINION
          Appellees, John Todd and Suzanne Todd, sued appellant, Bill Heard Chevrolet,
Ltd., for violations of the Texas Deceptive Trade Practices–Consumer Protection Act
(“DTPA”),


 fraud, and breach of contract. Appellant filed a motion to compel
arbitration, which the trial court apparently denied, and a motion for reconsideration
of its motion to compel arbitration. The trial court denied appellant’s motion for
reconsideration, and appellant filed an interlocutory appeal,


 asking this Court to
order the trial court to withdraw its orders denying the motion to compel arbitration
and the motion for reconsideration of that ruling. We conclude that the Federal
Arbitration Act (“FAA”) applies to this case. See 9 U.S.C.A. §§ 1–16 (West 2000 &
Supp. 2006). Therefore, we dismiss the interlocutory appeal for want of jurisdiction. 
Jurisdiction
          Appellees entered into a vehicle-purchase transaction with appellant. 
Appellees signed an arbitration agreement that provided, 
The Customer acknowledges and agrees that the Vehicle,
which the Customer has purchased or leased or offered to
purchase or lease from [appellant], has traveled in
interstate commerce and that as a result the Vehicle and all
aspects of any offer, sale or lease transaction between
[appellant] and the Customer regarding the Vehicle are
involved in, affect, or have a direct impact upon interstate
commerce.
 
The Customer and [appellant] therefore agree that all
claims and demands, disputes, or controversies of every
kind or nature that may arise between them concerning any
aspect of any transaction between them, including any offer
to purchase or lease, any purchase or lease, arrangements
for financing or insurance of any kind, any extended
warranty or service contract, the performance, condition or
repair of the Vehicle, any negotiations between the
Customer and [appellant] concerning the Vehicle, and any
other aspect of any transaction between the Customer and
[appellant] concerning the Vehicle shall be settled by
binding arbitration conducted pursuant to the provisions
of 9 U.S.C. 1, et. seq., and according to the Commercial
Rules of the American Arbitration Association.
 
It is the intention of the Customer and [appellant] to
resolve by binding arbitration any and all disputes
between them concerning the Vehicle and any
transaction relating to the Vehicle.

(Emphasis in original.)
          On appeal, neither of the parties disputes applicability of the FAA to the
arbitration agreement. The arbitration agreement provides that arbitration will be
conducted “pursuant to the provisions of 9 [United States Code] 1, et. seq.” See
Allied-Bruce Terminix Co. v. Dobson, 513 U.S. 265, 277–81, 115 S. Ct. 834, 839–41
(1995). Title nine of the United State Code is the FAA. See id.; see also 9 U.S.C.A.
§§ 1–16. Thus, the parties have agreed to arbitrate under the FAA. See In re Kellogg
Brown & Root, 80 S.W.3d 611, 617 (Tex. App.—Houston [1st Dist.] 2002, orig.
proceeding) (concluding that FAA applied because parties had agreed to arbitrate
under FAA). Additionally, appellant and appellees expressly agreed in the arbitration
agreement that the transaction involved interstate commerce. See Jack B. Anglin Co.,
Inc. v. Tipps, 842 S.W.2d 266, 269–70, 272 (Tex. 1992) (stating that FAA applies
when contract relates to interstate commerce); see also 9 U.S.C.A. § 2. 
          We conclude that the FAA applies to this case. Therefore, the order denying
the motion to compel arbitration must be reviewed by mandamus. See In re Kepka,
178S.W.3d279, 286 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding). ConclusionWe dismiss the interlocutory appeal for want of jurisdiction. 

 


                                                             Tim Taft
                                                             Justice 
Panel consists of Justices Taft, Keyes, and Hanks.